UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>Petitioner,<br><br>v.<br><br>UNKOWN,<br><br>Respondent. | No. 2:20-cv-0744 KJM DB<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. Petitioner alleges he was attacked by officers and denied medical treatment. Presently before the court is petitioner's petition for screening (ECF No. 1) and his motion for leave to proceed under 28 U.S.C. § 1915 (ECF No. 6). For the reasons set forth below the court will dismiss the motion to proceed in forma pauperis as moot and recommend that the petition be dismissed without leave to amend.

**IN FORMA PAUPERIS**

Petitioner has filed a motion captioned "Motion for leave to proceed under U.S.C. § 1915"[1] (ECF No. 6.) Petitioner has not, however, filed an in forma pauperis affidavit or paid the

---

[1] Petitioner requests to proceed in forma pauperis and states that he does not have sufficient funds to pay the filing fee and has been unable to obtain a copy of his prison trust account.

1

required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). The court construes this filing as a motion for leave to proceed in forma pauperis. However, the court will deny the motion as moot because, as set forth below, the court will recommend that the petition be dismissed without leave to amend.

**SCREENING**

**I.    Screening Requirement**

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**II.    The Petition**

Petitioner alleges that he "is challenging the respondent's deliberate [destruction of] petitioner's legal property" and excessive use of force. (ECF No. 1 at 2.)

**III.    Petitioner's Allegations are not Cognizable in Federal Habeas Actions**

**A. Habeas Claims Must Impact the Fact or Duration of Confinement**

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, [pursuant to] 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curium). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad, 540 U.S. at 750.

"[H]abeas jurisdiction is absent, and a § 1983 action is proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). "[T[he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser, 411 U.S. at 484.

Here, petitioner's claim bears no relationship to his underlying sentence. Rather, his claims are related to the conditions of his confinement and any relief would take the form of

return or replacement of damaged items or money damages for the harm suffered. Accordingly, petitioner's claim would not have any impact on the length of his incarceration and is therefore outside the scope of habeas jurisdiction. See Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011) (Any claim that does not necessarily shorten an inmate's incarceration, if successful, falls outside the scope of habeas jurisdiction.). Thus, because petitioner's claim will not have any impact on the duration of his sentence it falls outside the scope of habeas jurisdiction.

### B. Petitioner's Claim is not Eligible for Conversion to a Section 1983 Action

In an appropriate case, a district court can convert a habeas petition into a civil rights complaint. Nettles v. Grounds, 830 F.3d 922, 935-36 (9th Cir. 2016) (en banc). However, the court declines to consider conversion of this action because there are several significant differences in a proceeding in habeas corpus compared to a civil rights action. For instance, the filing fee for a habeas petition is $5, and if leave to proceed in forma pauperis is granted, as it has been here, the fee is forgiven. For civil rights cases, however, the fee is $400 and under the Prison Litigation Reform Act the prisoner is required to pay $350, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. See 28 U.S.C. § 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the fee would be deducted from income to his or her account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. Based on these differences between habeas and civil rights cases, and because, as set forth below, petitioner likely cannot obtain relief under § 1983, the court declines to convert this action to a civil rights case.

////
////
////
////
////
////

3

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that petitioner's motion to proceed in forma pauperis (ECF No. 6) is denied as moot.

IT IS HEREBY RECOMMENDED that the petition (ECF No. 1) be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 18, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Habeas/brad0744.scrn

4